FILED

10 OCT -5 AM 11: 12

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDA GONZALEZ, et al., <br><br>          Plaintiffs,<br><br>vs.<br><br>COMPASS VISION, INC., et al.,<br><br>          Defendants. | CASE NOS. 07cv1951 BEN (AJB)<br>                   08cv1684 BEN (AJB)<br><br>**ORDER GRANTING MAXIMUS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>[Dkt. Nos. 180, 181, 202 in 07cv1951]<br><br>[Dkt. Nos. 138, 139, 151 in 08cv1684] |
| COMPASS VISION, INC.<br>    Third-Party Plaintiff/Counterdefendant,<br>vs.<br>MAXIMUS, INC.<br>    Third-Party Defendant/Counterclaimant. | |
| DEBORAH JEAN SMITH AND JENNIFER JEAN MCKEE,<br>          Plaintiffs,<br>vs.<br>COMPASS VISION, INC. et al. | |
| COMPASS VISION, INC.<br>    Third-Party Plaintiff/Counterdefendant,<br>vs.<br>MAXIMUS, INC.<br>    Third-Party Defendant/Counterclaimant. | |

## INTRODUCTION

Third-Party Defendant Maximus, Inc. moves for summary judgment against Defendant Compass Vision, Inc. in two related cases, *Gonzalez v. Compass Vision, Inc.*, 07cv1951 and *Smith v. Compass Vision, Inc.*, 08cv1684. (Dkt. No. 180 in 07cv1951; Dkt. No. 138 in 08cv1684.) Because the motions are identical, the Court addresses both motions in one order. Plaintiffs brought these actions against Defendants Compass and National Medical Services, Inc. for negligence. Compass filed third-party complaints against Maximus for breach of contract, contractual indemnity, equitable indemnity and contribution, and declaratory relief. Plaintiffs have asserted no claims against Maximus. For the reasons set forth below, the Court **GRANTS** Maximus' motions for summary judgment.[1]

## BACKGROUND

The following background is drawn from Compass' and Maximus' Joint Statement of Undisputed Material Facts ("JSUMF").[2] Plaintiffs are healthcare professionals with some admitted history of substance abuse who agreed to participate in diversion programs. (JSUMF ¶ 4.) Plaintiffs stipulated to abstaining from the use of drugs and alcohol and being subject to body fluid testing to verify compliance as part of the diversion program. (JSUMF ¶ 29.)

Plaintiffs' respective Boards contracted with Third-Party Defendant Maximus to administer the diversion programs. (JSUMF ¶ 8.) Maximus retained Compass to administer the alcohol testing component. (JSUMF ¶¶ 32-33.) Compass agreed to design and administer the testing program using appropriate laboratories for drug testing services and coordinate services between the laboratory, the Medical Review Officer ("MRO") acquired by Compass, Maximus, and participants. (JSUMF ¶ 32.) Compass promoted the use of Ethyl Glucuronide (EtG) testing for alcohol at a specific cut-off level, 250 ng/mL. (JSUMF ¶¶ 10, 36.) An EtG test analyzes a participant's urine to detect EtG, a metabolite of alcohol. (JSUMF ¶ 34.)

///

---

[1] The Court notes that Maximus did not move for summary judgment on or address its counterclaims against Compass. Accordingly, those claims are not addressed.

[2] Plaintiffs and Defendant NMS have not stipulated to these facts.

Maximus did not promote the use of EtG testing, decide to implement EtG testing, or set the cut-off levels used to determine if a test was positive. (JSUMF ¶¶ 9, 11.) Maximus did not determine if a given test was positive or negative or decide if any action should be taken against the participant. (JSUMF ¶ 9.) Rather, Compass informed Maximus if a test result was positive. (JSUMF ¶ 10.) After testing began, Maximus proposed a higher cut-off level. (JSUMF ¶ 39.) Compass responded to the proposal by telling the Boards that the test would not be worth using with a cut-off above 250 ng/mL. (JSUMF ¶ 40.)

Compass was responsible for reporting information associated with positive tests. (JSUMF ¶ 41.) "Maximus was a 'middle man' gathering and transmitting the test scores to the Board." (JSUMF ¶¶ 41, 50.) Maximus did not determine if the test met the cut-off levels, rather the lab determined if a result was positive, subject to confirmation by Compass' MRO. (JSUMF ¶ 41.) "There is absolutely no causal link between MAXIMUS' administration of the Program and the alleged 'harm to reputation' and professional discipline, if any, imposed against the individual Plaintiffs' licenses." (JSUMF ¶ 54.)

The contract between Compass and Maximus contained an indemnification provision. Under the indemnification provision, Maximus agrees to

> indemnify and hold COMPASS VISION harmless from and against any and all claims, losses, liabilities or expenses (including without limitation attorneys' fees) which may arise, in whole or in part, out of (I) the negligence or willful misconduct of MAXIMUS, its employees or agents or (II) a breach by MAXIMUS of its obligations under this Agreement.

## DISCUSSION

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

While Compass asserts four separate claims, it is essentially seeking indemnity for Maximus' negligence in its role with the diversionary programs.[3] Compass claims that this litigation resulted

---

[3]Compass' breach of contract claim is based only on breach of the indemnity provision of the contract between Compass and Maximus and Compass' contractual indemnity claim relies on the indemnity provision indemnifying Compass for Maximus' negligence or willful misconduct.

from Maximus' negligence in the performance of its obligations under the programs, causing Compass to be named as a defendant in this litigation and to incur attorneys' fees, costs, and potential liability to the Plaintiffs. Maximus claims it is entitled to summary judgment because Compass cannot establish Maximus caused any of the Plaintiffs' damages.

Maximus has met its initial burden on summary judgment. Maximus has produced evidence by way of the parties' Joint Statement of Undisputed Material Facts that negates an essential element of Compass' claims, specifically causation, and pointed to the absence of evidence to support Compass' claims, specifically the absence of any evidence Maximus' conduct caused any of the damages Plaintiffs seek to recover from Compass. *See Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102; *see also McGarry v. Sax*, 158 Cal. App. 4th 983, 995 (3rd Dist. 2008) (the elements of negligence are duty, breach of the duty, *proximate cause*, and damages.).

Because Maximus met its initial burden, the burden shifted to Compass to present evidence of negligent conduct by Maximus that caused the harm Plaintiffs allege. *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1103. Plaintiffs allege that their damages resulted from the promotion and use of EtG testing as a reliable method of detecting the consumption of alcohol when it was unreliable for that purpose. "If [Compass] fails to produce enough evidence to create a genuine issue of material fact, [Maximus] wins the motion for summary judgment." *Id.* Compass has failed to meet its burden in two ways.

First, the undisputed facts Compass stipulated to preclude its claims.[4] To establish causation, Compass must prove that Maximus' conduct was "a substantial factor in bringing about the Plaintiffs' harm." *Leslie G. v. Perry & Assocs.*, 43 Cal. App. 4th 472, 481 (2nd Dist. 1996) ("[T]he causation element of negligence is satisfied when the plaintiff establishes (1) that the defendant's breach of duty (his negligent act or omission) was a substantial factor in bringing about the plaintiff's harm and (2) that there is no rule of law relieving the defendant of liability.").

///

---

[4] Compass is bound by the stipulated facts. "Litigants, we have long recognized, 'are entitled to have their case tried upon the assumption that . . . facts, stipulated into the record, were established.'" *Christian Legal Soc'y v. Martinez*, 130 S. Ct. 2971, 2983 (2010) (quoting *H. Hackfeld & Co. v. United States*, 197 U.S. 442, 447 (1905)).

Compass has stipulated that Maximus did not promote the use of EtG testing, implement EtG testing, set the cut-off levels used to establish a positive result, interpret test results, or determine if tests were positive or negative. "Maximus was a 'middle man'" that simply transmitted the test scores to the Boards. When Maximus suggested a higher cut-off level, Compass responded by telling the Boards that using a cut-off less than 250 ng/mL would not be worth using. And, significantly, Compass has agreed that there is "absolutely no causal link between Maximus' administration of the Program and the alleged 'harm to reputation' and professional discipline . . . imposed against the individual Plaintiffs' licenses." These facts collectively establish that there is no causal link between Maximus and the damages Plaintiffs allege they suffered. Accordingly, Maximus is entitled to summary judgment against Compass.

Second, even if Compass had not stipulated to these facts, Maximus would still be entitled to summary judgment because Compass has failed to produce any evidence raising a genuine issue of material fact as to causation. Compass has produced evidence that Maximus may have failed to perform some of its obligations under its contract with the Boards, including appointment of a medical advisor, identification of resources, and high staff turnover. But Compass fails to produce evidence that any of this conduct caused Plaintiffs' injuries. *Saelzler v. Advanced Grp. 400*, 25 Cal. 4th 763, 781 (2001) (affirming summary judgment when plaintiff's evidence only raised a speculative possibility that defendant's breaches caused the plaintiff's injuries). Another Court recently reached the same conclusion in a very similar case, finding "[n]one of plaintiff's claims against Compass arise from Maximus's conduct, and Compass is therefore not entitled to indemnity from plaintiff's claims." *Fujisawa v. Compass Vision, Inc.*, No. 07-5642, 2010 WL 3222486, at *2 (N.D. Cal. 2010).

## MOTIONS TO SEAL

The parties' applications for leave to file certain documents under seal in support of or opposition to the motions for summary judgment in compliance with the requirements of the protective order are **GRANTED**. (Dkt. Nos. 181, 202 in 07cv1951; Dkt. Nos. 139, 151 in 08cv1684.)

///

///

///

## CONCLUSION

Maximus' motions for summary judgment are **GRANTED**.

**IT IS SO ORDERED.**

DATED: October 05, 2010

Hon. Roger T. Benitez
United States District Court Judge