UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDA GONZALEZ, et al.,<br><br>　　　　Plaintiff,<br>v.<br><br>COMPASS VISION, INC., *et al.*,<br><br>　　　　Defendants.<br>_____<br>And all related cases.<br>_____ | Case No. 07cv1951 AJB (WMC)<br><br>ORDER:<br><br>(1) GRANTING THIRD-PARTY DEFENDANT MAXIMUS INC.'S MOTION TO REOPEN ACTION AND ENFORCE STIPULATED SETTLEMENT; AND<br><br>(2) GRANTING IN PART AND DENYING IN PART MAXIMUS'S REQUEST FOR ATTORNEY'S FEES<br><br>(Doc. No. 346) |

On March 4, 2011, the Court approved a stipulated settlement agreement ("Settlement Agreement") between Third-Party Plaintiff Compass Vision, Inc. ("Compass") and Third-Party Defendant Maximus, Inc. ("Maximus"), and retained jurisdiction to enforce the Settlement Agreement. (Doc. No. 343.) Presently before the Court is Maximus's motion to reopen the action, enforce the Settlement Agreement, and award Maximus its attorney's fees incurred in enforcing the Settlement Agreement. (Doc. No. 346.) To date, Compass has not filed an opposition to Maximus's motion. In accordance with Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument. For the reasons set forth below, the Court GRANTS Maximus's motion to reopen the action and enforce the Settlement Agreement, and GRANTS IN PART AND DENIES IN PART Maximus's request for attorney's fees. (Doc. No. 346.)

## BACKGROUND

The underlying action relates to a contract dispute between Maximus and Compass regarding the administration of the California Department of Consumer Affairs' Diversion Program ("Diversion Program"). (Doc. No. 81 at 2.) Pursuant to a subcontract between the parties, Maximus served as the administrator of the Diversion Program, and retained Compass as a third-party administrator responsible for Diversion Program participants' drug and alcohol testing. (Doc. No. 103-3 at 2.) On October 5, 2007, several Diversion Program participants filed claims against Compass for negligence. (Doc. No. 1.) Thereafter, Compass filed third-party claims against Maximus for breach of contract, contractual indemnity, equitable indemnity and contribution, and declaratory relief. (Doc. No. 85.) On October 5, 2010, the Court granted summary judgment in favor of Maximus on each of Compass's third-party claims, and on March 3, 2011, Maximus moved for attorney's fees pursuant to its subcontract with Compass. (Doc. No. 331-1 at 7.)

On March 17, 2011, the parties executed the Settlement Agreement currently at issue, which specified that Compass would pay Maximus $300,000.00 in attorneys' fees over the course of the next seven years. (Doc. No. 339 at 3:27-4:6.) In the event Compass failed to pay according to the terms set forth in the Settlement Agreement, Maximus had the right to recover the full amount due and owing under the Settlement Agreement, and to recover all attorney's fees incurred in enforcing the Settlement Agreement. (*Id.* at 5:23-27.) The Court approved the Settlement Agreement on March 24, 2011. (Doc. No. 343 at 2.)

## LEGAL STANDARD

"[I]t is . . . well settled in the usual litigation context that courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) (citations omitted); *see also Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the

equitable power to enforce summarily an agreement to settle a case pending before it."); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (affirming summary enforcement of settlement agreement by bankruptcy court where there was no dispute about the formation or consummation of the agreement). "The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." *Dacanay*, 573 F.2d at 1078 (citation omitted). To be enforced, a settlement agreement must be complete and both parties must have agreed to the terms of the settlement. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994).

"Enforcement of a settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). A district court lacks jurisdiction to enforce a settlement agreement following a dismissal of the action unless the district judge either: (1) expressly in the dismissal order, retains jurisdiction over the settlement agreement; or (2) incorporates the terms of the settlement agreement in the dismissal order. *Id.* at 381. If the court does not retain jurisdiction to enforce the settlement agreement, the vehicle for the enforcement of the settlement agreement is a breach of contract claim in another proceeding, where "part of the consideration [for the contract] was dismissal of an earlier federal suit." *Id.*

"[W]here material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (holding that district court erred in granting entry of judgment without first holding requested evidentiary hearing after plaintiffs requested evidentiary hearing challenging the existence and validity of the settlement agreement). However, an evidentiary hearing is not required where the settlement agreement itself is not disputed. *See, e.g., Calcor Space Facility, Inc. v. McDonnell Douglas Corp.*, 5 F. App'x 787, 789 (9th Cir. 2001) (district court did not err in enforcing settlement

agreement where no party requested evidentiary hearing, court held hour-long hearing on motion to enforce the settlement agreement and considered detailed memoranda and declarations from several people, and no parties requested cross-examination of any of the declarants); *Situ v. Northrop Grumman Corp.*, 49 F. App'x 185 (9th Cir. 2002).

## DISCUSSION

### I. Motion to Enforce the Settlement Agreement

Maximus's instant motion seeks to enforce the Settlement Agreement pursuant to Paragraph 10 of the Agreement, which states that the Court retains jurisdiction to enforce the terms of the Settlement Agreement until all payments have been made. As a result, because Compass has not made a payment since December 21, 2012, Maximus seeks a court order requiring Compass to pay $297,950.00, the total amount still due and owing. (Doc. No. 346.) Compass does not oppose the Court's continuing jurisdiction to enforce the Settlement Agreement or the total amount requested by Maximus.

As the parties expressly provided for the Court's continuing jurisdiction over any claims and disputes arising from the Settlement Agreement, and there is no dispute as to the material facts concerning the formation, existence, or terms of the Settlement Agreement, the Court finds it has jurisdiction over the motion and may entered the requested judgment to the extent provided for in the Agreement. *See*, *e.g.*, *Tranquilli v. VSB Investments, Inc.*, No. 07–cv–433 LJO, 2008 WL 1788022, at *2 (E.D. Cal. Apr. 18, 2008) (granting motion to enforce settlement agreement where parties stipulated to the court's jurisdiction to enforce the agreement, defendants failed to make monthly payments under agreement, such failure accelerated the total sum owed, and defendants did not oppose motion); *U.A. Local 342 Joint Labor–Mgmt. Comm. v. S. City Refrigeration, Inc.*, No. 09–cv–3219 JCS, 2010 WL 1293522, at *2-4 (N.D. Cal. Mar. 31, 2010) (granting motion to reopen case and enter judgment against defaulting defendant where stipulated entry of judgment provided that judgment shall be entered against defendant if it defaulted under the settlement agreement).

Pursuant to Paragraph 1 of the Settlement Agreement, Compass was required to

pay Maximus $300,000.00 over seven years, which was dictated by the following payment schedule:

    $1,000.00 by the fifth day of each month starting from January 5, 2012 and ending on December 5, 2013;

    $3,000.00 by the fifth day of each month starting from January 5, 2014 and ending on December 5, 2014;

    $5,000.00 by the fifth day of each month starting from January 5, 2015 and ending on December 5, 2018.

(Doc. No. 339 at 3:27-4:6.)  The Settlement Agreement further provided that in the event Compass failed to make the specified payment by the tenth day of any month, payment would be considered late.  (*Id*. at 4:11-13.)  The parties agreed that Compass would be assessed a late payment penalty of 5% of the unpaid balance owed for that payment period the first time a payment was late, and a 15% late payment penalty for every subsequent late payment.  (*Id*. at 4:14-21.)

    Finally, in the event payment was not received by the tenth day of the month, the Settlement Agreement provided Compass until the fifth day of the following month to tender payment in full, including accrued penalties.  (*Id*. at 4:22-5:1.)  If Compass failed to tender the full amount of the specific payment by this date, pursuant to Paragraph 6, Compass would be considered "in full default" and was required to tender the entire amount due and owing under the Settlement Agreement immediately.  (*Id*. at 5:5-9.)  The Settlement Agreement further provided that the parties had to make a good faith effort to resolve any disputes arising under the Settlement Agreement before seeking judicial enforcement.  (*Id*. at 5:18-22.)

    Based on the above, the Court finds Compass is in breach of the Settlement Agreement and Maximus is entitled to judgment in the amount of $297,950.00.  This amount accounts for payments already received from Compass ($5,100.00) and all accrued late penalties ($3,050.00). (Doc. No. 346-2 at 21.)  Accordingly, the Court GRANTS Maximus's motion to reopen the case and enforce the Settlement Agreement,

and enters judgment in favor of Maximus in the amount of $297,950.00, plus attorney's fees as discussed below.

## II. Maximus's Request For Attorney's Fees

Maximus also requests an attorney fee award for its enforcement efforts, which is explicitly provided for in Paragraph 9 of the Settlement Agreement.[1] (Doc. No. 339 at 5:23-27.) Under California law, "where the contract specifically provides that attorney's fees and costs shall be awarded . . . to the prevailing party, then the party who is determined to be the prevailing party . . . shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a). Because the Court has already determined Maximus to be the prevailing party, the Court must only address the reasonableness of the requested fees.

### A. Reasonableness of Attorney's Fees

In calculating reasonable attorneys' fees, courts consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill necessary to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relations with the client; and (12) awards in similar cases. *LaFarge Conseils et Etudes, S.A.*, 791 F.2d at 1341-42. "The matter of reasonableness of attorney's fees is within the sound discretion of the trial judge." Stokes v. Marsh, 217 Cal. App. 3d 647, 656 (Cal. Ct. App. 1990); *see also Martinez v. Idaho First Nat'l Bank*, 755 F.2d 1376, 1378 (9th Cir. 1985) (finding that a complete failure to

---

[1] Paragraph 9 of the Settlement Agreement provides: "It is further understood and agreed by the Parties that, subject to the provisions of sections 7 and 8, if at any time a violation of any term of this Agreement is asserted by any Party hereto, that Party shall have the right to seek judicial enforcement of the Agreement, and/or any other necessary and proper relief, and the prevailing party shall be entitled to recover its reasonable costs and attorneys' fees." (Doc. No. 339 at 5:23-27.)

consider these guidelines constitutes an abuse of discretion).

Here, Maximus seeks a total of $18,372.60 in attorney's fees and costs for the 55.6 hours that its attorney, Jeremy Meier ("Meier") and his paralegal, Deborah Killion ("Killion") incurred in enforcing the Settlement Agreement. (Doc. No. 346-1 at 2.) This amount includes time spent contacting Compass and Maximus regarding enforcement of the Settlement Agreement, attempting to collect delinquent payments, drafting the motion to enforce the Settlement Agreement, composing a reply brief, and preparing for and attending oral argument.[2] (Doc. No. 346-2 at 41-43.) Maximus submitted a thorough billing statement in support, including precise time records, detailed task descriptions, and the resulting billable amounts. (*Id*.) The billing statement reflects an hourly rate of $517.50 for Meier, and an hourly rate of $193.50 for Killion. (*Id*.) The Court does not dispute that these rates are within the range of what may be considered reasonable, even though both Meier and Killion's rates are at or near the higher end, as there is sufficient evidence of experience and expertise. (*Id.* at 2-5.) Therefore, the Court only considers whether the time spent preparing the instant motion and the time spent corresponding with Compass and Maximus was reasonable.

### 1.   Preparing the Instant Motion

Of the 55.6 total hours requested, Maximus alleges that Meier and Killion spent a combined 42.9 hours drafting the instant motion to enforce the Settlement Agreement. (Doc. No. 346-2 at 41-43.) Broken down even farther, of the 42.9 total hours, Maximus contends that Meier spent 10.8 hours ($5,589.00) researching, writing, and revising the motion, and that Killion spent 32.1 hours ($6.211.35) drafting/revising the motion and preparing the exhibits. (*Id.*) This equates to a total of $11,800.35 in requested fees in preparing the instant motion to enforce the Settlement Agreement. Such amount is unreasonable. Although the Court is cognizant that this motion is related to a complex case, the motion itself—a motion to enforce a stipulated Settlement Agreement—is not

---

[2] Maximus may not recover attorney's fees for the 6 hours Meier estimated it would take to prepare the reply brief and attend the motion hearing because Compass did not file an opposition, and the Court vacated the motion hearing.

complex. Accordingly, the Court GRANTS IN PART AND DENIES IN PART Maximus's request and finds fees in the amount of $7,438.50 reasonable to prepare the instant motion.[3]

### 2.     Contacting Compass and Maximus

Meier further alleges that he spent 5.8 hours attempting to contact Compass, and 0.9 hours communicating with Maximus regarding enforcement strategy. (Doc. No. 346-2 at 41-43.) The Court does not take issue with the requested fees, and finds these hours necessary and appropriate in light of the specific provisions in the Settlement Agreement requiring such good faith efforts. Accordingly, the Court GRANTS Maximus's request for $3,467.25 in fees incurred in contacting Compass and communicating with Maximus.[4]

### CONCLUSION

For the reasons set forth above, the Court GRANTS Maximus's motion to reopen the case and enforce the Settlement Agreement, and GRANTS IN PART AND DENIES IN PART Maximus's request for attorney's fees. (Doc. No. 339.) Accordingly, the Court awards Maximus $297,950.00 as the accelerated amount presently due and owing under the Settlement Agreement, and $10,905.75 in attorney's fees incurred to enforce the Settlement Agreement. The Clerk of Court is instructed to enter judgment in favor of Maximus and against Compass in the amount of $308,855.75.

IT IS SO ORDERED.

DATED: November 25, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[3] The Court finds Meier reasonably expended 5.4 hours ($2,794.50) as opposed to 10.8 hours, and that Killion reasonably expended 24 hours ($4,644.00) as opposed to 32.1 hours.

[4] 6.7 (5.8 + 0.9) multiplied by the reasonable rate ($517.50) equals $3,467.25.